UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:06-CR-142 |
| | ) | | (VARLAN/GUYTON) |
| KENYATTA A. STINSON, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant Kenyatta A. Stinson's Motion for

Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc.

18]. In that motion, defendant requests that the Court reduce his sentence pursuant to 18

U.S.C. § 3582(c)(2), which permits the Court to reduce a defendant's sentence if the

sentencing range has been lowered since the defendant was initially sentenced. The

government's amended response to the defendant's motion acknowledges that a recently

adopted retroactive amendment to the sentencing guidelines applies in this case, and defers

to the Court's consideration of the relevant factors in determining whether a reduction is

appropriate [Doc. 21]. The government nevertheless maintains that the defendant's "present

sentence is sufficient, but not greater than necessary, to fulfill the statutory sentencing

objectives" [*Id.*].

The United States Probation Office has prepared a Memorandum Regarding Retroactivity (the "MRR"). The government has filed a notice of no objection to the MRR [Doc. 22]. Defendant's motion for resentencing is now ripe for the Court's consideration.

## I.    Legal Background

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). 18 U.S.C. § 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses, including cocaine powder offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive,[1] effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, this Court has discretion under § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the 18 U.S.C. § 3553

---

[1]The Commission has included Amendment 706, as amended by Amendment 711, among the amendments which can be applied retroactively. U.S.S.G. § 1B1.10(c). *See* U.S. Sentencing Guidelines Manual app. C., amend. 713 (2008).

factors, if the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding the reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. *See id.* The policy statement addresses a court's discretion in reducing a defendant's sentence as follows:

> (A)　In General . . . the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> . . .
>
> (C)　Prohibition—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

*Id.* § 1B1.10(b)(2). In addition to these limits, the Sentencing Commission states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct in recalculating his sentence. *Id.*

## II.　Analysis

Defendant pled guilty to, and was convicted of, possession with intent to distribute five grams or more of a mixture and substance containing cocaine base, also known as "crack," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) [Docs. 1, 12, 15]. His sentence was based on the cocaine base offense guidelines in effect prior to November 1, 2007, and is thus affected by Amendment 706 to the Sentencing Guidelines. Accordingly,

3

the Court may reduce defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

Defendant was held accountable for 31 grams of crack in the presentence report (the "PSR"). In calculating the applicable guideline range according to the guidelines in effect at the time of defendant's sentencing, the probation officer determined that for an offense involving 31 grams of crack cocaine, defendant's base offense level was 28 [PSR]. This base offense level was reduced by three levels for defendant's acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b), resulting in a total offense level of 25 [*Id.*]. Given defendant's criminal history category of V, defendant faced a sentencing guideline range of 100 to 125 months [*Id.*]. Defendant was also subject to a mandatory minimum sentence of at least five years' imprisonment [*Id.*]. On May 1, 2007, the Court sentenced defendant to a term of imprisonment of 105 months, a sentence in the bottom quintile of the guidelines range [Doc. 15].

After the amendment to the sentencing guidelines, defendant's base offense level for his drug offense in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) is 26 [MRR]. Applying the same three level reduction for acceptance of responsibility as was originally applied, defendant's new total offense level is 23 [*Id.*]. A total offense level of 23 and a criminal history category of V results in an amended guideline range of 84 to 105 months [*Id.*].

The Court will now consider the § 3553 factors in determining whether and to what extent defendant's sentence may be reduced. In regard to these factors, the Court considers the nature and circumstances of the offense and the history and characteristics of the

4

defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment; the kinds of sentences available and the sentencing range; the need to avoid unwarranted disparities; and the need to provide restitution to any victims. *See* § 3553(a).

Amendment 706 addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities between offenses for cocaine base offenses and cocaine powder offenses. The Court previously considered the § 3553 factors at defendant's sentencing, and ultimately determined that a sentence of 105 months was appropriate. The Court will now place particular emphasis on new information before the Court relevant to the § 3553 factors in determining the appropriate sentence.

According to the progress report provided by the Big Sandy United States Penitentiary in Inez, Kentucky, where the defendant is presently housed, the defendant has taken his GED exam and the prison is awaiting the results [MRR]. He maintains regular contact with immediate family members and friends, and appears to have a solid support system [*Id.*]. He has been encouraged by his Unit Team to enroll in or join a variety of educational courses, vocational programs, behavior management groups, and daily recreation activities, but appears to have elected to participate instead in only a few leisure activities like reading, writing letters, and some physical activities [*Id.*].

The progress report further indicates that the defendant has worked while incarcerated in the food service detail, grounds maintenance detail, and as an orderly [*Id.*]. But it also reflects a run of violent and disorderly behavior during his present term of incarceration. On March 14, 2008, and again on June 13, 2008, the defendant was charged with possessing a dangerous weapon, and sanctioned for his conduct [*Id.*]. On July 30, 2008, the defendant was charged with refusing to obey an order and interfering with prison staff, and was found guilty [*Id.*]. On August 23, 2009, the defendant was charged with possessing intoxicants, and admitted his guilt [*Id.*]. And on November 1, 2009, the defendant was charged with assault without serious injury, admitted his guilt, was sanctioned, and was placed in detention, which has since precluded him from working [*Id.*]. Defendant is currently classified as a high security risk [Doc. 21].

The Court must consider the danger to the public as the result of any reduction in defendant's sentence. *See* U.S.S.G. § 1B1.10, cmt. n.1(B)(ii) ("The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction . . . ."). Defendant has a criminal history category of V, and has a lengthy criminal history, including several serious offenses as a juvenile and as an adult [PSR]. Based upon the defendant's possession of dangerous weapons during his period of incarceration, and his classification as a high security risk, the government contends that the defendant has not yet been rehabilitated, and that his likelihood

Case 3:06-cr-00142-TAV-HBG   Document 23   Filed 02/16/10   Page 6 of 8   PageID #: 29

of recidivism is high [Doc. 21]. It recommends that the Court leave defendant's present sentence unchanged [*Id.*].

After considering the factors set forth in § 3553, and taking into account defendant's post-sentencing conduct and the danger to the public created by any reduction in defendant's sentence, the Court finds that a modest reduction in defendant's sentence is appropriate in this case. In making this determination, the Court is influenced by the need to avoid unwarranted sentence disparities, the problem Amendment 706 is designed to address. But the Court has also taken into consideration the risk defendant poses to public safety, considering in particular his lengthy criminal history and his persistent unruly behavior during his current period of incarceration. The Court has also considered the need to provide the defendant with a sufficient opportunity to avail himself of training and correctional treatment, as it seems that the defendant has yet to take advantage of the many programs offered to him by the Bureau of Prisons. *See* 18 U.S.C. § 3553(a)(2)(D).

Accordingly, the Court will reduce the defendant's sentence to a term of 96 months, slightly above the midpoint of the amended guidelines range, and above the mandatory minimum statutory requirements.

## III.     Conclusion

Defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 18] is **GRANTED**.  Defendant's sentence is hereby reduced to 96 months or time served, whichever is greater.

IT IS SO ORDERED.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE